## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ISRAEL ACEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-cv-3022 |
| | ) | |
| CENTRAL MANAGEMENT | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

Before the Court is Defendant Illinois Department of Central Management Services' ("CMS") Motion to Dismiss for Failure to State a Claim and Memorandum of Law in Support (d/e 18). Because Plaintiff does not contest his claims' deficiencies raised by Defendant, Defendant's Motion (d/e 18) is GRANTED and Plaintiff's Complaint (d/e 1) is DISMISSED.

### I.    BACKGROUND

On February 5, 2024, Plaintiff Aceves filed a Complaint with this Court alleging that Defendant CMS discriminated against him based on his national origin and race in violation of Title VII of the

Civil Rights Act of 1964 and based on his race in violation of 42

U.S.C. § 1981. See d/e 1, p. 2. Plaintiff further alleged that

Defendant discriminated against him starting on or about

December 6, 2023, by failing to promote him and by retaliating

against him for whistleblowing.  Id. at pp. 2-3. Plaintiff, who is

proceeding pro se, filed the requisite filing fee on February 27, 2024

before repeatedly attempting to serve Defendant. See d/e 2, 3, 8,

and 10.

On November 8, 2024, Defendant's counsel filed both a Notice

of Appearance of Attorney (d/e 11) and a Motion to Dismiss &

Memorandum of Law in Support (d/e 12) for lack of personal

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and

insufficient service of process pursuant to Federal Rule of Civil

Procedure 12(b)(5). On November 18, 2024, Plaintiff filed a

Response (d/e 14) to Defendant's Motion (d/e 12).

On January 10, 2025, this Court filed a text order directing

Plaintiff "to file with this Court by January 24, 2025 the charge he

filed with the Illinois Department of Human Rights and the Right to

Sue Notice he received from the Illinois Department of Human

Rights relating to this claim." <u>See</u> January 10, 2025 Text Order. On January 21, 2025, Plaintiff filed "[t]he Right to Sue letter issued by the Illinois Department of Human Rights" "in response to the Court's request for further information in the above-referenced case." d/e 15, p. 1.

On January 23, 2025, this Court issued an Order and Opinion (d/e 16) denying Defendant's Motion to Dismiss (d/e 12) for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

On February 5, 2025, Defendant filed a Motion to Dismiss for Failure to State a Claim and Memorandum of Law in Support (d/e 18). On April 28, 2025, Plaintiff filed a Response (d/e 21).

## II.    JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this matter because Plaintiff's claims arise under Title VII and § 1981, which are federal statutes.  <u>See</u> 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  Venue is

proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Central District of Illinois. See 28 U.S.C. § 1391(b).

### III.    FACTS

The following facts are alleged in Plaintiff's Complaint (d/e 1) and are accepted as true at the motion to dismiss stage. Bible v. United Student Aid Funds, Inc., 799 F.3d 633, 639 (7th Cir. 2015).

Plaintiff applied for a promotion on or about November 2023. See d/e 1, p. 4. On or about December 6, 2023, Plaintiff had a meeting with Katrina McCarver, who served as Senior Public Service Administrator at CMS. Id., see also d/e 15, p. 4. During the meeting, McCarver stated that Plaintiff was the most qualified and senior employee. See d/e 1, p. 4. However, McCarver decided to bypass Plaintiff for consideration for the position of Human Resources Specialist, saying that Plaintiff was not a good fit. Id. Plaintiff was already part of the relevant team on a different unit. Id.

In approximately mid-December 2023, Plaintiff blew the whistle by raising concerns to the Illinois Office of Executive Inspector General about alleged wrongdoings within CMS. Id. at pp.

4, 6. Plaintiff was then retaliated against and suspended for 15 days. Id.

Plaintiff claims that he filed a charge before the Illinois Department of Human Rights (IDHR) relating to his claims and received a Right to Sue Notice on January 23, 2024. See d/e 1, pp. 2-3. Plaintiff's Complaint requests that this Court direct Defendant to promote him, "hold the parties involved accountable," and "remove employee discipline from employee file." Id. at pp. 4-5. Plaintiff's Response requests that this Court direct Defendant to "correct[] the job title to 'Human Resources Specialist,'" "issue[] an order of non-retaliation," and "award[] back pay as calculated and such other relief as just." d/e 21, p. 3.

## IV.   LEGAL STANDARD

Defendant has moved to dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See d/e 18, p. 1. A motion to dismiss under Rule 12(b)(6) challenges the complaint's sufficiency.  Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

relief" that puts the defendant on notice of the allegations. Fed. R. Civ. P. 8(a)(2), see also Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002).

The court accepts all well-pleaded facts alleged and draws all possible inferences in the plaintiff's favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). A motion under Rule 12(b)(6) can be based on documents that are critical to the complaint and referred to in the complaint. Geinosky v. City of Chi., 675 F.3d 743, 745 n.1 (7th Cir. 2012).

## V.    ANALYSIS

### A. Plaintiff Did Not Exhaust His Administrative Remedies as Required Before Bringing His Title VII Claim.

Plaintiff's Complaint alleges that Defendant CMS discriminated against him based on his national origin and race in violation of Title VII of the Civil Rights Act of 1964. See d/e 1, p. 2.

"Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing charges with the [Equal Employment Opportunity Commission ("EEOC")] and receiving a right to sue letter." Chaidez v. Ford Motor Co., 937 F.3d 998, 1004 (7th Cir. 2019). "After doing so, a plaintiff filing suit in federal court

may bring only those claims that were included in [his] EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." Id. (internal citations omitted).

In response to this Court's directive, Plaintiff submitted a Right to Sue Notice bearing Charge No. 21B-2020-01126. See d/e 15, p. 2; d/e 21, p. 21. The same charge number, 21B-2020-01126, appears on the face of Plaintiff's Complaint. See d/e 1, p. 1; d/e 21, p. 10.

Defendant first argues in its Motion to Dismiss that Plaintiff did not "exhaust administrative remedies by filing charges with the EEOC and receiving a right to sue letter as to the claims in the complaint" as required for Plaintiff to pursue his claims in federal court. d/e 18, p. 5. Defendant provides documentation, and Plaintiff does not dispute, that EEOC Charge No. 21B-2020-01126 corresponds to IDHR Charge of Discrimination 2020SF2063, which Plaintiff filed on April 15, 2020 alleging that CMS discriminated against him by suspending him and failing to promote him in June

2019 due to his national origin and ancestry. See id. at pp. 5-6; see also d/e 18-1, pp. 7-9.

Conversely, Plaintiff's Complaint alleges that Defendant discriminated against him in 2023—not during any other year. See d/e 1, pp. 2-4. Therefore, Plaintiff's Title VII claim does not "bring only those claims that were included in [his provided] EEOC charge [No. 21B-2020-01126], or that are like or reasonably related to the allegations of the charge and growing out of such allegations." Chaidez, 937 F.3d at 1004.

Furthermore, Plaintiff provides no documentation indicating that he filed any additional EEOC charges after EEOC Charge No. 21B-2020-01126 alleging that Defendant discriminated against him in 2019. Plaintiff does not allege that he "first exhaust[ed] his administrative remedies by filing charges with the EEOC and receiving a right to sue letter" pertaining to Plaintiff's allegations that Defendant discriminated against him in 2023. Chaidez, 937 F.3d at 1004. Therefore, Defendant's Motion to Dismiss (d/e 18) is GRANTED as to the Title VII claims in Plaintiff's Complaint (d/e 1).

**B. Plaintiff's § 1981 Claim, Interpreted as a § 1983 Claim, is Barred by Sovereign Immunity.**

Plaintiff's Complaint also alleges that Defendant CMS discriminated against him based on his race in violation of 42 U.S.C. § 1981. See d/e 1, p. 2. Plaintiff admits that Defendant is an agency of the State of Illinois. Id. at pp. 9-10.

The Seventh Circuit has held that "42 U.S.C. § 1981 does not create a private right of action against state actors," such that "§ 1983 remains the exclusive remedy for violations of § 1981 committed by state actors." Campbell v. Forest Pres. Dist. of Cook County, Ill., 752 F.3d 665, 671 (7th Cir. 2014). Therefore, this Court interprets Plaintiff's § 1981 claim as a § 1983 claim.

Defendant argues in its Motion to Dismiss that, "[e]ven if Plaintiff had brought his § 1981 claim against CMS pursuant to § 1983, this claim still fails because CMS is not a 'person' subject to suit under § 1983." d/e 18, p. 6.

Section 1983 claims must comply with the Eleventh Amendment, which typically bars a state's citizens from suing their own state. See Hans v. Louisiana, 134 U.S. 1 (1890). However, individuals may nonetheless sue a state if: 1) the suit is "against

state officials seeking prospective equitable relief for ongoing violations of federal law…under the Ex parte Young doctrine," 2) "Congress has abrogated the state's immunity from suit through an unequivocal expression of its intent to do so and pursuant to a valid exercise of its power," or 3) the defendant state "has properly waived its sovereign immunity and consented to suit in federal court." MCI Telecomm. Corp. v. Ill. Com. Comm'n, 183 F.3d 558, 563 (7th Cir. 1999) (internal citations omitted).

In Will v. Michigan Department of State Police, 491 U.S. 58, (1989), the Supreme Court held that neither "a State" nor "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are considered "a person within the meaning of § 1983." Id. at 64, 70 (internal citations omitted). In other words, "a state agency is the state for purposes of the [E]leventh [A]mendment." Kroll v. Bd. of Trs. of Univ. of Ill., 934 F.2d 904, 907 (7th Cir. 1991) (emphasis in original).

Since Plaintiff admits that Defendant is an agency of the State of Illinois, see d/e 1, pp. 9-10, the Eleventh Amendment would typically bar his suit. Additionally, none of the three exceptions

outlined above apply to Plaintiff's case. Plaintiff does not name any "state officials" as defendants nor does he "seek[] prospective equitable relief for ongoing violations of federal law" under the first exception, as Plaintiff names only Defendant CMS and alleges only events that occurred in 2023. MCI, 183 F.3d at 563.

Nor is there any indication that "Congress has abrogated the state's immunity from suit through an unequivocal expression of its intent to do so and pursuant to a valid exercise of its power" to satisfy the second exception. Id. Specifically, the Supreme Court found in Will that "[t]he language of § 1983 falls far short of satisfying the ordinary rule of statutory construction that if Congress intends to alter the usual constitutional balance between the States and the Federal Government, it must make its intention to do so unmistakably clear in the language of the statute." Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989).

Finally, there is no indication that the State of Illinois "has properly waived its sovereign immunity and consented to suit in federal court" in this case. MCI, 183 F.3d at 563; see also Graham v. Illinois, No. 07 C 7078, 2009 WL 1543821, at *5 (N.D. Ill. June 3,

2009) ("Section 1983 claims against Illinois, the State Agency Defendants [including Defendant CMS], and the Individual Defendants named in their official capacity could also be dismissed under the doctrine of sovereign immunity."). Therefore, Defendant's Motion to Dismiss (d/e 18) is GRANTED as to the § 1981 claim in Plaintiff's Complaint (d/e 1) because, even interpreted as a § 1983 claim, it is barred by sovereign immunity.

### C. The Court Dismisses Plaintiff's Retaliation Claims if Brought Under Federal Law, or, Alternatively, Relinquishes Jurisdiction over Plaintiff's Retaliation Claims if Brought Under State Law.

Plaintiff alleges that Defendant discriminated against him starting on or about December 6, 2023 by retaliating against him for whistleblowing. See d/e 1, pp. 2-3. Specifically, Plaintiff alleges that he blew the whistle in approximately mid-December 2023 by raising concerns to the Illinois Office of Executive Inspector General about alleged wrongdoings within CMS. Id. at pp. 4, 6. Plaintiff was then retaliated against and suspended for 15 days. Id.

Plaintiff does not specify under what statute he brings these retaliation claims. If Plaintiff brought the retaliation claims under

Title VII or § 1983, then the claims have already been dismissed for the reasons outlined previously.

If Plaintiff brought these retaliation claims under Illinois state law, the district court under the supplemental jurisdiction statute "may decline to exercise supplemental jurisdiction" over state-law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The district court has broad discretion in making this decision. RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc., 672 F.3d 476, 478 (7th Cir. 2012) ("When federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims."). Furthermore, there is a "presumption" that courts will relinquish jurisdiction over supplemental state-law claims when the federal claims drop out of the case. Id. at 479.

Here, the Court "has dismissed all claims over which it has original jurisdiction"—Plaintiff's Title VII and § 1983 claims. See 28 U.S.C. § 1367(c)(3). Therefore, if Plaintiff brought the retaliation claims under an unspecified Illinois state law, this Court declines to

exercise supplemental jurisdiction over those supplemental state-law claims because the federal claims have been dismissed.

## VI.    CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss (d/e 18) is GRANTED. Plaintiff's Complaint (d/e 1) is DISMISSED with prejudice and this case is CLOSED.


**ENTERED:  July 22, 2025**

**FOR THE COURT:**

            */s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**